Kimberly M. Maynard (*Pro Hac Vice*)
FRANKFURT KURNIT KLEIN + SELZ PC
28 Liberty Street, 35th Floor
New York, New York 10005
Telephone:  (212) 980-0120
Facsimile:   (212) 593-9175
kmaynard@fkks.com

Vishwanath Mohan (SBN 313759)
FRANKFURT KURNIT KLEIN + SELZ PC
2029 Century Park East, Suite 2500N
Los Angeles, California  90067
Telephone:  (310) 579-9600
Facsimile:   (310) 579-9650
vmohan@fkks.com

*Attorneys for Plaintiff SUBMARINE ENTERTAINMENT, LLC and Plaintiff and Counterdefendant SUBMARINE VENTURES, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SUBMARINE ENTERTAINMENT, LLC AND SUBMARINE VENTURES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SUBMARINE HAVEN B.V.,<br><br>Defendant.<br>—————————————<br>SUBMARINE HAVEN B.V.,<br><br>Counterclaimant,<br><br>v.<br><br>SUBMARINE VENTURES, LLC,<br><br>Counterdefendant. | Case No. 2:22-cv-01155-GW-AFM<br><br>**PLAINTIFF AND COUNTERDEFENDANT SUBMARINE VENTURES, LLC'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT SUBMARINE HAVEN B.V.'S COUNTERCLAIMS** |

Plaintiff and Counterdefendant Submarine Ventures, LLC ("Submarine"), by and through their attorneys, Frankfurt Kurnit Klein + Selz, P.C., as and for their answer to the counterclaims (the "Counterclaim") of Defendant and Counterclaimant Submarine Haven B.V. ("Defendant" or "Haven"), states as follows:

1. Submarine lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Counterclaim and, therefore, denies the same.

2. Submarine admits only that Defendant and Submarine, LLC engaged in a trademark dispute in the European Union, avers that, though not relevant to the proceeding before this Court or the parties' rights in the United States, the result of that dispute speaks for itself, and refers the Court to the contents therein. Submarine denies the remaining allegations in Paragraph 2 of the Counterclaim.

3. Submarine admits only that Plaintiffs in this action ("Plaintiffs") assert infringement of U.S. Trademark Registration No. 2,435,276 for use of the SUBMARINE trademark in International Class No. 41 (the "'276 Registration") and denies the remainder of the allegations in Paragraph 3 of the Counterclaim.

4. Submarine admits the allegations in Paragraph 4 of the Counterclaim.

5. Submarine admits the allegations in Paragraph 5 of the Counterclaim.

6. Submarine lacks sufficient information to admit or deny the allegations in Paragraph 6 of the Counterclaim and, therefore, denies the same.

7. Submarine admits the allegations in Paragraph 7 of the Counterclaim.

8. Submarine incorporates by reference the preceding responses to the allegations in the Counterclaim as if fully set forth herein.

9. Submarine admits that it owns the '276 Registration, and denies the remainder of the allegations in Paragraph 9 of the Counterclaim.

10. Submarine admits the allegations in Paragraph 10 of the Counterclaim.

11. Submarine denies that the declaration referenced in Paragraph 11 of the Counterclaim was signed by Dan Braun in his capacity as co-founder and Secretary

of Submarine Ventures, admits that Dan Braun signed the declaration as Secretary of Submarine, Inc., and admits the remainder of the allegations in Paragraph 11 of the Counterclaim.

12. Submarine denies the allegations in Paragraph 12 of the Counterclaim.

13. Submarine avers that the specimen submitted in support of the '276 Registration speaks for itself and refers the Court to the document for the contents thereof. Submarine denies the remainder of the allegations in Paragraph 13 of the Counterclaim.

14. Submarine admits only that it produced audio-visual content under the SUBMARINE trademark in 1998 and that it produced audio-visual content for Absolut Vodka. Submarine denies the remainder of the allegations in Paragraph 14 of the Counterclaim.

15. Submarine denies the allegations in Paragraph 15 of the Counterclaim.
   a. Submarine avers that the contents of the Wayback Machine speak for themselves, but that they do not provide a complete or accurate depiction of the website located at submarine.com, including because it was password protected. Submarine otherwise lacks sufficient information to admit or deny the allegations in Paragraph 15(a) of the Counterclaim and, therefore, denies the same.
   b. Submarine lacks sufficient information to admit or deny the allegations in Paragraph 15(b) of the Counterclaim and, therefore, denies the same.
   c. Submarine admits only that Defendant and Submarine, LLC engaged in a trademark dispute in the European Union, avers that, though not relevant to the proceeding before this Court or the parties' rights in the United States, the documents produced in that dispute speaks for themselves, and refers the Court to the contents therein.

16. Submarine denies the allegations in Paragraph 16 of the Counterclaim.

17. Submarine denies the allegations in Paragraph 17 of the Counterclaim.

18. Submarine incorporates by reference the preceding responses to the allegations in the Counterclaim as if fully set forth herein.

19. Submarine denies the allegations in Paragraph 19 of the Counterclaim.

20. Submarine denies the allegations in Paragraph 20 of the Counterclaim.

### First Affirmative Defense

### (Laches)

21. Defendant's Counterclaim is barred in whole or in part under the doctrine of laches. Defendant has had constructive notice of the '276 Registration since at least as early as March 2001. Upon information and belief, since at least as early as 2013, Defendant has had actual notice of the '276 Registration and of Submarine's reliance upon this registration to enforce its rights against Defendant. Yet, during the more than twenty years that have lapsed since Submarine secured the registration, Haven has failed to seek to cancel the registration, or even raised an argument that the registration was invalid. During that time, Submarine has relied upon this registration and Defendant's failure to challenge it, as it expanded use of the subject mark thereof throughout the United States. Defendant's long delay in seeking to cancel the '276 Registration precludes its Counterclaim.

### Second Affirmative Defense

### (Acquiescence)

22. Defendant's Counterclaim is barred in whole or in part because Defendant consented or acquiesced to registration of the SUBMARINE trademark in the form of Submarine's ownership of the '276 Registration.

### Third Affirmative Defense

### (Estoppel)

23. Defendant's Counterclaim is barred in whole or in part under the doctrine of estoppel. Defendant has had constructive notice of the '276 Registration

since at least as early as March 2001.  Upon information and belief, since at least as early as 2013, Defendant has had actual notice of the '276 Registration and of Submarine's reliance upon this registration to enforce its rights against Defendant. Yet, during the more than twenty years that have lapsed since Submarine secured the registration, Haven has failed to seek to cancel the registration, or even raised an argument that the registration was invalid.  During that time, Submarine has relied upon this registration and Defendant's failure to challenge it, as it expanded use of the subject mark thereof throughout the United States.  Defendant's long delay in seeking to cancel the '276 Registration precludes its Counterclaim.

DATED:  July 11, 2022            FRANKFURT KURNIT KLEIN + SELZ PC

By:      /s/ Kimberly M. Maynard
Kimberly M. Maynard *(Pro Hac Vice)*
FRANKFURT KURNIT KLEIN + SELZ PC
28 Liberty Street, 35th Floor
New York, New York 10005
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
kmaynard@fkks.com

Vishwanath Mohan (SBN 313759)
FRANKFURT KURNIT KLEIN + SELZ PC
2029 Century Park East, Suite 2500N
Los Angeles, California 90067
Telephone:   (310) 579-9600
Facsimile:   (310) 579-9650
vmohan@fkks.com

Attorneys for *Plaintiff SUBMARINE ENTERTAINMENT, LLC and Plaintiff and Counterdefendant SUBMARINE VENTURES, LLC*

# PROOF OF SERVICE

**Submarine Entertainment v. Submarine Haven B.V.**
**Case No. 2:22-cv-01155-GW-AFM**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 2500N, Los Angeles, CA 90067.

On July 11, 2022, I served true copies of the following document(s) described as **PLAINTIFF AND COUNTERDEFENDANT SUBMARINE VENTURES, LLC'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT SUBMARINE HAVEN B.V.'S COUNTERCLAIM** on the interested parties in this action as follows:

| | |
|---|---|
| Gregory P. Korn (SBN 205306)<br>Aaron Liskin (SBN 264268)<br>808 Wilshire Blvd., 3rd Floor<br>Santa Monica, CA 90401<br>Telephone: (310) 566-9800<br>Facsimile: (310) 566-9850<br>gkorn@kwikhlaw.com<br>aliskin@kwikhlaw.com | *Attorneys for Defendant and Counterclaimant SUBMARINE HAVEN B.V.* |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address aeichelberger@fkks.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 11, 2022, at Los Angeles, California.

                                          */s/ Amy Eichelberger*
                                          Amy Eichelberger